IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-03809-GPG

ENRIQUE SIERRA-GARCIA,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement, in his official capacity,
TODD BLANCHE, Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

Before the Court is the Application for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241 (Petition) (D. 1). Petitioner seeks release or, in the alternative, a bond hearing (*id.* at 7). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Respondents indicated that they will not be filing a brief in opposition (D. 10).

Petitioner has previously received a bond hearing at which he was denied bond based on a finding that he was a flight risk (D. 1 at 8). He asserts, in part, that the hearing violated due process.[1] And there is nothing in the record to indicate that the government bore the burden of showing Petitioner was subject to detention or presented any evidence that he was a flight risk (*id.*).[2] He seeks release or a bond hearing, asserting that his ongoing detention violates due process in part because he bore the burden of proof at a past detention hearing (*id.* at 36).

This Court has previously held that due process requires that the government bear the burden of proving danger to the community and flight risk at immigration custody hearings. *See Batz Barreno v. Baltasar*, No. 025-cv-03017-GPG-TPO, 2025 WL 3190936, *3 (D. Colo. Nov. 14, 2025). For the same reasons, the Court finds that Petitioner is held in violation of due process because the government has not met its burden to show that he is properly detained.

Accordingly, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence). Respondents shall provide Petitioner with a bond hearing under

[1] Petitioner raises additional issues not addressed by the Court in this Order, including whether his rearrest and hearing were administratively improper. Such issues may need to be addressed if Petitioner is not released on bond following the hearing ordered herein (*see* D. 11 at 4–8).

[2] The record contains little information on this topic. The record provides no information regarding the burden of proof applied at the bond redetermination hearing or who bore that burden. And the Government filed a brief response. Should there be information to support that a prior hearing was provided affording the burden of proof this Court requires, Respondents should immediately provide that to the Court.

§ 1226(a) within SEVEN DAYS of receiving notice of this Order and Respondents have the responsibility to ensure that the government applies those burdens and provides a sufficient record for review. *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1240 (10th Cir. 2026). Additionally, Respondents SHALL notify Petitioner and any counsel who has entered an appearance in this action of the date, time, and place of the hearing no less than 24 hours prior to the beginning of the hearing. Respondents are ENJOINED from denying bond to Petitioner on the basis that Petitioner is detained pursuant to § 1225(b)(2)(A). Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if Petitioner's request for bond was denied, the reasons for that denial. Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time he was detained.

DATED September 1, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge