IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-03809-GPG

ENRIQUE SIERRA-GARCIA,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement, in his official capacity,
TODD BLANCHE, Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Motion to Enforce Judgment (D. 14).

On April 17, 2026, the Court granted in part Petitioner's petition for a writ of habeas corpus and granted Petitioner "a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence)" (D. 12 at 3).

After an extension requested by Petitioner, he had a bond redetermination hearing on September 4, 2026. The Immigration Judge (IJ), Robyn Ross, denied bond in an Order of the Immigration Judge (Decision) based on findings that Petitioner "was arrested for driving under the influence in 2016 and was ultimately convicted in 2019" and that his "application for cancellation of removal was denied by this Court on May 29, 2026, and he has been ordered removed," although the decision is on appeal (D. 14-4 at 4–5).

Petitioner argues:

> Respondents failed to comply with the Court's Order in four respects: (1) Respondents violated this Court's order when they did not prove that Mr. Sierra's detention was proper at the time of his arrest and when they impermissibly shifted the burden regarding his continued detention to Mr. Sierra; (2) Respondents violated the *Accardi* doctrine when they failed to comply with numerous regulations governing immigration custody proceedings; (3) Respondents committed Constitutional errors throughout the bond hearing; and (4) the Immigration Judge violated the Administrative Procedures Act (APA) when she contradicted her own prior finding that Mr. Sierra was not a danger to the community.

(D. 14 at 2).

Respondents, while "not conced[ing] that the Motion is meritorious," declined to submit a brief in opposition to Petitioner's motion, recognizing "that the Court may then decide to grant the Motion and award appropriate relief" (D. 16 at 1).

Accordingly, pursuant to this Court's inherent authority to enforce its April 17, 2026 and July 17, 2026, Orders and Respondents' failure to oppose Petitioner's motion or provide a basis for denial, it is ORDERED that Petitioner shall be released from custody within 48 hours, and Petitioner SHALL update this Court in writing upon his release. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him."

(quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284))). Respondents may not impose additional or more onerous conditions on Petitioner than those that have previously been found appropriate by an IJ.

It is FURTHER ORDERED that Respondents are prohibited and enjoined from re-detaining Petitioner on the same grounds unless and until a final order of removal issues.

DATED September 22, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge